UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CODY RICHARD MONROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-173-DCLC-DCP |
| | ) | |
| CAPTAIN WILLIAMS, SGT. DUNCAN, | ) | |
| SGT. LONGMIRE, C.O. FOX, C.O. JOSH | ) | |
| BROWN, SGT. SANDRA, CPL. VON | ) | |
| RICKER, and CPL. GRAHAM, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, an inmate of the Monroe County Justice Center, filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

As it appears that Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* [*Id.*] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter,

the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

B. **Plaintiff's Allegations**

Plaintiff has been sleeping on the floor of the Monroe County Justice Center since the end of October 2024 [Doc. 2 p. 3]. Plaintiff made a verbal request to Defendants Brown and Graham about this issue [*Id.*]. Plaintiff also sent a kiosk request to Defendants Graham and Duncan asking to be moved to a cell with an open bunk "and was told no" [*Id.* at 4]. Plaintiff additionally wrote requests and filed a grievance and appeal regarding this issue with Defendant Williams, but this Defendant did not respond [*Id.*]. "[Plaintiff has] multiple fractures to his scapula and being on the floor hurt [his] back and shoulder" [*Id.*]. According to Plaintiff, even though "there ha[ve] been multiple open cells and bunks, . . . they would not move [him]," and unspecified jail officials also told him there are no "boats" at the facility when he requested one [*Id.*]. Also, the toilet leaks onto Plaintiff's mat, "causing unsanitary conditions" [*Id.*].

Plaintiff has sued Captain Williams, Sgt. Duncan, Sgt. Longmire, C.O. Fox, C.O. Brown, Sgt. Sandra, Cpl. Von Ricker, and Cpl. Graham [*Id.* at 1, 3]. As relief, Plaintiff seeks monetary damages and injunctive relief [*Id.* at 5].

III. **ANALYSIS**

In evaluating whether Plaintiff's complaint states a plausible § 1983 claim, the Court presumes that Plaintiff is a pretrial detainee and therefore analyzes his claims under the Fourteenth Amendment. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021). For Plaintiff's complaint to state a plausible claim for failure to protect him as a pretrial detainee, he must set forth facts

3

from which the Court can infer that a Defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted). Plaintiff has not done so.

First, Plaintiff's complaint contains no allegations from which the Court can plausibly infer that Defendants Longmire, Fox, Sandra, or Von Ricker were personally involved in any incident underlying his complaint. As such, his complaint fails to state a claim upon which relief may be granted as to these Defendants. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*").

Also, while Plaintiff's complaint, liberally construed in his favor, alleges that he has repeatedly requested better sleeping arrangements from Defendants Brown, Graham, Duncan, and Williams, but these Defendants denied those requests or did not respond [*Id.* at 3–4], these allegations do not allow the Court to plausibly infer that any of these Defendants violated Plaintiff's Fourteenth Amendment rights. Specifically, the mere fact that Plaintiff has been sleeping on a mat on the floor does not rise to the level of a constitutional violation. *Jenkins v. Dillion*, No. 4:24-CV-P69-JHM, 2024 WL 4447231, at *3 (W.D. Ky. Oct. 8, 2024) ("Simply having to sleep on the floor does not violate the Constitution.") (citing *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (finding that a pretrial detainee sleeping on a mattress on the floor for three to seven months was not a constitutional violation) and *Bartlett v. Woosley*, No. 4:22CV-

4

P158-JHM, 2023 WL 4306911, at *3 (W.D. Ky. June 30, 2023) ("Plaintiff's allegation that he was housed in an overcrowded cell and required to sleep on the floor is not a deprivation of the minimal civilized measure of life's necessities."); *Rishton v. Sullivan Cnty. Sheriff's Dep't*, No. 2:07-CV-78, 2010 WL 1257989, at *3 (E.D. Tenn. Mar. 25, 2010) ("A prisoner has no right to sleep on an elevated bed") (internal citations omitted). And while Plaintiff states in his complaint that he has fractures in his scapula, that sleeping on a mat on the floor hurts his shoulders and back, and that a toilet leaks onto his mat [*Id.*], even if the Court assumes that these allegations sufficiently assert that sleeping on a mat on the floor creates an unreasonable risk of harm to Plaintiff, his complaint does not suggest that any Defendant knew or should have known of any of these conditions. As such, the Court cannot reasonably infer that any Defendant has deliberately and recklessly disregarded any risk of harm to Plaintiff from these conditions.

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. This action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker<br>
United States District Judge